### DAVID MEYER vs. WM. TALIAFERRO AND MRS. S. E. MARSHALL.

CLINTON, J. Where a suit is brought on a contract signed by an agent, and a letter authorizing the agent to make the contract has been lost, proof of its contents may be introduced without advertisement of its loss. The letter is not the document on which the action is founded.

2. The genuineness of the letter need not be proved by witnesses who have seen the writer write and sign her name; but any other evidence, even circumstantial facts going to show the existence and authenticity of the letter, are admissible.

3. When an obligation to do is actively violated, or when the obligor puts it out of his power to comply, no default is necessary.

### E. J. MORONEY vs. WITHROW ET ALS.

MAYO, J. That warehousemen who receive cotton for shipment free of charge, as a part of the consideration for the lease of the warehouse, are depositaries with reward, and bound to use that degree of diligence in preserving the thing deposited which prudent men usually exercise in the care of their own property.

2. Where a warehouse is destroyed by fire, which originated from a lantern in charge of drunken employee, such fire is not the result of unavoidable accident, and the warehousemen are responsible for all loss by the fire, unless they prove affirmatively that it was not in any respect due to their keeper's drunkenness, which itself is an act of the greatest imprudence. Judgment appealed from reversed, and judgment for plaintiff.